IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE STOKES, JR. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | No. 08-5799 |
| BILL WILLIAMS | : | |

## ORDER-MEMORANDUM

AND NOW, this 2nd day of April, 2009, "Defendant's Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint" (docket no. 8) is denied.  Fed. R. Civ. P. 12(b)(6).[1]

This is an action under 42 U.S.C. § 1983.  Jurisdiction is federal question.  28 U.S.C. § 1331.  Plaintiff's pro se complaint alleges that on December 14, 2006, several officers, including defendant, forced their way into plaintiff's apartment.  They "tackled" plaintiff and his girlfriend, stole items including cash, and took plaintiff and his girlfriend to Sacred Heart Hospital in Allentown.  Complaint, section V.  At the hospital, plaintiff is alleged to have been injected with a drug that rendered him unconscious.  Three days later, he awakened in the Lehigh County Prison and was charged with "possession, disorderly conduct . . . and resisting arrest."  Id.  The complaint alleges deprivation of due process and the right to privacy.  As a result of the defendant's conduct, plaintiff is alleged to have sustained a dislocated shoulder and the loss of employment; his personal items were stolen and he was deprived of his freedom.  Id.

According to defendant, the complaint must be dismissed because it is time-barred.  Section

---

[1] "In deciding a motion to dismiss under Rule 12(b)(6), federal courts 'are required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to plaintiff' . . .  If the facts alleged are sufficient to 'raise a right to relief above the speculative level' such that plaintiff's claim is 'plausible on its face,' a complaint will survive a notion to dismiss."  Kempson v. American Honda Motor Co., 2009 WL 744115, at *2 (E.D. Pa., filed Mar. 18, 2009), quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005); Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).

1983 claims are subject to the state's statute of limitations for personal injury actions. Sameric Corp. of Del., Inc. v. City, 142 F.3d 582, 599 (3d Cir. 1998). Under Pennsylvania law, personal injury claims are subject to a two-year statute of limitations. 42 Pa.C.S.A. § 5524. Further, "[a] section 1983 cause of action accrues when the plaintiff knew or should have known of the injury upon which its action is based." Sameric, 142 F.3d at 599. Here, the claim is alleged to have accrued on December 14, 2006. This action was filed on December 15, 2008 (docket no. 1), two years and one day thereafter. However, "[i]n calculating dates for the purpose of determining a limitations period, Pennsylvania law provides that 'whenever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from computation.'" Kempson, 2009 WL 744115, at *3, quoting Pa. R. Civ. P. 106.

December 14, 2008 was a Sunday, and therefore, is omitted from the computation. Therefore, the limitations period did not expire until December 15, 2008, and plaintiff's action was timely filed on that date.

BY THE COURT:


  /s/ Edmund V. Ludwig
Edmund V. Ludwig, J.